**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JENNIFER LEE COLE,

        Petitioner,         Case Number: 08-CV-10770

v.         HON. ARTHUR J. TARNOW

CLARICE STOVALL,

        Respondent.
_____/

**OPINION AND ORDER
DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DENYING A CERTIFICATE OF APPEALABILITY**

Petitioner filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges her convictions for operation of a vehicle while under the influence of alcoholic liquor or controlled substance (OUIL) causing death (MICH. COMP. LAWS 257.625(4)), manslaughter with a motor vehicle (MICH. COMP. LAWS 750.321), and OUIL causing serious injury (MICH. COMP. LAWS 257.625(5)(a). The Court denies a writ of habeas corpus because Petitioner was not unconstitutionally denied her motion to withdraw her plea of no contest and she was not represented by ineffective counsel.

**Background**

Petitioner's convictions arise from an automobile accident which occurred on July 4, 2007, resulting in the death of one person and the serious injury of another. The record shows that the following factual basis was made by the Prosecutor:

> The facts show that Ms. Cole on or about the 4th of July, 2006, roughly about 8:30 P.M. in the evening was on Inkster Road, at or near Michigan, City of Inkster, County of Wayne, State of Michigan. She was driving her vehicle, that the motor vehicle was operated by her when she had no permission to do so, her license had been suspended. Further that prior she had ingested some Cocaine and some Marijuana ... and she struck an automobile. The automobile carried Danielle Robinson, 28 years of age who was killed by impact and Ms. Sherrie Crushank (sic) 31 years of age, who has suffered a very serious injury who is on life support.

Trial Tr., Arraignment, Aug. 2, 2006, p. 12.

Petitioner stipulated to the above facts for the purpose of her plea. In addition, the record indicated that Petitioner's blood work tested positive for cocaine and marijuana. Petitioner pled no contest to all charges, citing civil liability and no memory as reasons for the no contest plea. The Court thoroughly questioned Petitioner about her Advice of Right form, which was read, initialed, and declared to be understood by the Petitioner.[1] The Court accepted the plea of no contest.

At Sentencing, the trial court adjusted the sentencing report regarding the sentencing range, changing it from 58 - 114 months to 50 - 100 months, per the minimum. In addition,

---

[1] While the failure to get a waiver on the record as to each right individually may not have satisfied Michigan procedure, there is no claim that Petitioner did not understand the rights she waived in writing.

Petitioner elaborated on her personal psychiatric history and deleted alcohol from the list of intoxicants found in Petitioner's system at the time of the incident.

At both Arraignment and Sentencing, the victims' mother addressed the court with a victim impact statement. At Sentencing, Petitioner also addressed the court with an apology to the victims' family and overall statement of remorse.

## Procedural History

Following a plea of no contest before the bench in Wayne County Circuit Court on August 20, 2006, Petitioner was convicted of OUIL causing death (MICH. COMP. LAWS 257.625(4)), manslaughter with a motor vehicle (MICH. COMP. LAWS 750.321), and OUIL causing serious injury (MICH. COMP. LAWS 257.625(5)(a). On August 24, 2006, the trial court sentenced Cole to sentences of 84 months to fifteen years for the OUIL causing death and manslaughter convictions and one to five years for the conviction of OUIL causing injury, all to run concurrently. Petitioner was awarded jail credit of 50 days to be applied toward the sentence.

Petitioner filed a Motion to Withdraw Plea, which was denied after argument by the Wayne County Circuit Court on March 16, 2007.

Petitioner filed a petition for leave to appeal in the Michigan Court of Appeals, raising the following claims:

I. The trial court erred when it denied defendant-appellant Jennifer Lee Cole's Motion to Withdraw her Plea.

II. Defendant-appellant Jennifer Lee Cole was denied effective assistance of counsel and should be allowed to withdraw her plea.

On September 28, 2007, the Michigan Court of Appeals held that Petitioner's "application for leave to appeal is DENIED for lack of merit in the grounds presented. The Court further orders that the motion for remand is DENIED." *People v. Cole*, #280163 (Mich. App. 2007).

Petitioner's subsequent application for leave to appeal in the Michigan Supreme Court was denied on January 22, 2008, because the Court was "not persuaded that the questions presented should be reviewed by this Court." *People v. Cole,* 480 Mich.1033; 743 N.W.2d 223 (Mich. 2008).

Petitioner filed a *pro se* petition for habeas corpus relief on February 25, 2008. Petitioner raises the same claims in her habeas petition as presented in the state courts.

## Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application occurs" when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 410-11.

## Discussion

### I. Whether the trial court erred when it denied Petitioner's motion to withdraw her plea

Petitioner alleges that her plea was not understandingly made and was not voluntarily made. Petitioner asserts her innocence to all counts. Petitioner alleges that statements she made to the police were coerced. Petitioner claims that the appropriate standard for review of a denial of a motion to withdraw a plea is abuse of discretion, per *People v. Effinger*, 212 Mich. App. 67, 69; 536 N.W.2d 809 (1995). Petitioner states that although there is no absolute right to withdraw a guilty plea once the court has accepted it, per *People v. Davidovich*, 238 Mich. App. 442, 445; 606 N.W.2d 387 (1999), a trial court possesses discretion over whether to grant a defendant's motion to withdraw a plea, and the trial court's decision will only be reviewed for an abuse of that discretion. *People v. Wilhite*, 240 Mich. App. 587, 593-594; 618 N.W.2d 386 (2000).

Respondent asserts that a guilty or no contest plea must be a voluntary, knowing, and intelligent act "done with sufficient awareness of the relevant circumstances and likely consequences," per *Brady v. United States*, 397 U.S. 742, 748 (1970). Respondent states that Petitioner's plea was voluntary, knowing, and intelligent. The no contest plea and the maximum sentences corresponding to the charges for which Petitioner pled are clearly on the record. The Court asked Petitioner if she had reviewed the advice of rights form and if she read and understood each of the constitutional rights listed; Petitioner replied in the affirmative, thereby rendering the plea voluntary, knowing, and intelligent.

Respondent also submits that Petitioner's claim that the trial court should have allowed her to withdraw her plea is not cognizable on habeas review. Per *Carwile v. Smith*, 874 F.2d 382, 385-386 (6th Cir. 1989), there is no federal constitutional right that requires a state court to allow a defendant to withdraw a voluntary and intelligent plea.

Respondent asserts that Petitioner's claim that her statements made to police at the time of the incident were coerced are barred by virtue of her no contest plea, per *McCarthy v. United States*, 394 U.S. 459, 466 (1979), which held that "a guilty [or no contest] plea is an admission of all the elements of a formal criminal charge."

Respondent additionally submits that Petitioner's claim that her plea should be withdrawn due to her self-stated innocence does not entitle her to habeas relief. Per *United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003), bald assertions of innocence are insufficient to permit a defendant to withdraw his or her guilty plea. Respondent uses *United States v. Weaver*, 112 F. Supp. 2d 7, 8 (D.C. Cir. 2000), to demonstrate that a defendant must affirmatively advance an

objectively reasonable argument that she is innocent in order for a plea withdrawal motion to be successful; this requires more than a general denial. Respondent alleges that Petitioner has provided no evidence, other than her own self-serving statements, to establish that she did not drive under the influence and kill one woman and seriously injure another. For the above reasons, Respondent asserts that habeas relief must be denied as to this claim.

## Clearly Established Law

A federal district court can review an application for a writ of habeas corpus in behalf of a state court prisoner *only* on the ground that he or she is in custody in violation of the United States Constitution or laws or treaties of the United States. 28 U.S.C. §2254(a) (emphasis added). A petitioner has "no federal constitutional right, or absolute right under state law, to withdraw a plea. The decision to permit a defendant to withdraw his plea invokes the trial court's discretion. A trial court's abuse of discretion generally is not a basis for habeas corpus relief." *Adams v. Burt*, 471 F. Supp. 2d 835, 843 (E.D. Mich. 2007) (internal citations omitted). Therefore, unless the plea violated a clearly-established constitutional right, whether to allow the withdrawal of a criminal defendant's no contest plea is discretionary with the state trial court. *See Hoffman v. Jones*, 159 F. Supp. 2d 648, 655 (E.D. Mich. 2001)

A guilty plea does not violate the United States Constitution if it is made knowingly, intelligently, and voluntarily:

> The plea is more than an admission of past conduct; it is the defendant's consent that judgement of conviction may be entered without a trial - a waiver of his right to trial before a jury or a judge. Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences.

*Brady v. United States*, 397 U.S. 742, 748 (1970).

Courts must consider all the relevant circumstances when determining whether a plea was entered voluntarily and intelligently. *Id*, at 749. For the waiver of constitutional rights which a guilty plea represents to be valid under the Due Process Clause, it must be "an intentional relinquishment of a known right or privilege." *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938). The question of whether a guilty plea, entered in a state court, is voluntary, knowing and intelligent, involves federal constitutional rights and is governed by federal standards. *Boykin v. Alabama*, 395 U.S. 238 (1969).

The defendant must be aware of the maximum sentence that can be imposed for the crime for which he or she is pleading guilty. *King v. Dutton*, 17 F.3d 151, 154 (6th Cir. 1994). When a petitioner brings a federal habeas petition challenging his plea, the state generally satisfies its burden by producing a transcript of the state court proceedings showing that the plea was made voluntarily. *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993). Where the transcript is adequate to show that the plea was voluntary and intelligent, a presumption of correctness attaches to the state court findings of fact and to the judgment itself. *Id*, at 326-327. A satisfactory state court transcript containing findings, after a proper colloquy, places upon the petitioner a "heavy burden" to overturn the state findings. *Id*, at 328. The test for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970).

**Analysis**

As stated above, federal habeas review generally does not entail the review of a trial court's abuse of discretion; therefore, this court will not consider whether the state court erred in denying Petitioner's motion for withdrawal of plea. However, because a federal habeas court may decide whether a state-court conviction violated the United States Constitution, this Court will review the constitutionality of the plea.

The state court action regarding acceptance of Petitioner's plea is reasonable under *Brady*. Petitioner has not met her burden of proving that her plea was made without sufficient intelligence and voluntariness. The state court made appropriate inquiry into Petitioner's full understanding of her constitutional rights and the effect of her "no contest" plea:

> Q	Alright Ms. Cole, did you [have] an opportunity to look at this Advice of Right Form?
>
> A	Yes, ma'm.
>
> Q	Did you read each one of these 8 Constitutional rights?
>
> A	Yes, ma'm, I did.
>
> Q	Did you understand them?
>
> A	Yes, ma'm, I did.
>
> Q	Is that your initials that appears next to each one?
>
> A	Yes, ma'm.
>
> Q	Is this your signature at the bottom of the page?

> A  Yes, it is.
>
> Q  Do you understand that you have these eight Constitutional rights?
>
> A  Yes, ma'm.
>
> Q  And if you plead guilty you are waiving or giving up those rights?
>
> A  Yes, ma'm.
>
> Q  Knowing and understanding that are you willing to plead no contest to the offense of operating while intoxicated causing death a 15 year offense - - I can't read this Mr. Beedle?
>
> MR. BEEDLE: Homicide, manslaughter with a Motor Vehicle 15 year offense, Your Honor, operating while intoxicated, causing death is a 15 year offense and operating under the influence causing serious injury a 5 year offense.
>
> BY THE COURT:
> Q  Has anyone threatened you to get you to plead to those 3 offenses and those penalties?
>
> A  No, ma'm.
>
> Q  Has anyone promised you anything to get you to plead to those offenses?
>
> A  No, ma'm.
>
> Q  Alright, do you understand that a No Contest Plea simply means that you are not required to state in your own words what took place that led you to your arrest on these offenses?
>
> A  Yes, ma'm.
>
> Q  However, for all intent and purposes your No Contest plea will be treated the same as guilty plea, do you know and understand that?
>
> A  Yes.

Trial Tr., Arraignment, Aug. 2, 2006, pp. 10-11.

Maximum sentencing for the offenses charged was specified in court. Petitioner unwaveringly indicated that she both understood and accepted the terms of the plea. The transcript adequately shows that Petitioner's plea was voluntary and intelligent. Considering all relevant circumstances, it is clear that Petitioner intentionally relinquished her known constitutional rights upon her valid and voluntary agreement to the plea. Therefore, Petitioner's plea was not unconstitutionally given or accepted and habeas relief is denied.

**II.  Whether Petitioner was denied effective assistance of counsel and should be allowed to withdraw her plea**

Petitioner states that she has a constitutional right to effective assistance of counsel, per the Sixth Amendment to the United States Constitution. Petitioner maintains ineffective assistance of her retained counsel, because he coerced her into entering a plea of no contest. Petitioner asserts that the representation of her counsel rendered her plea neither understanding nor voluntary, as she would not have entered the plea to a crime she asserts she did not commit. Petitioner states that she did not want to enter a plea, and would not have entered the plea, but for counsel's representation. Therefore, the outcome would have been different because she would have exercised her constitutional right to a trial by a jury of her peers. Counsel also successfully urged Petitioner to enter a plea as charged at her arraignment, rather than trying to negotiate a plea bargain. For these reasons Petitioner alleges ineffective assistance of counsel.

Respondent alleges that Petitioner has failed to show either deficient performance by her attorney or the requisite prejudice against her called for in *Strickland v. Washington*, 466 U.S. 668, which lays out the two-part test for evaluation of an effective assistance of counsel claim.

Respondent states that Petitioner must show that, but for counsel's errors, she would not have pleaded guilty, because there would have been at least a reasonable chance she would have been acquitted. If examination of the totality of the circumstances shows that the petitioner would in all likelihood have been convicted of the same charges after a trial, she cannot show that the advice to plead guilty or no contest prejudiced her. A petitioner's conclusory allegation that, but for an alleged attorney act or omission, she would not have pleaded guilty is not enough to prove prejudice. Therefore, neither prong of *Strickland* is satisfied and Respondent asserts that habeas relief must be denied as to this claim.

**Clearly Established Law**

To establish that a petitioner received ineffective assistance of counsel, he must show, first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the petitioner. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A petitioner may show that counsel's performance was deficient by establishing that counsel's performance was "outside the wide range of professionally competent assistance." *Id.* at 689. This "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687. To satisfy the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

When a defendant enters a guilty [or no contest] plea upon counsel's advice, voluntariness of the plea depends on whether the advice "was within the range of competence demanded of

attorneys in criminal cases." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). "It is only when the consensual character of the plea is called into question that the validity of a guilty plea may be impaired." *Mabry v. Johnson*, 467 U.S. 504, 508-9 (1984). "[T]here is no *per se* rule against encouraging guilty pleas." *Corbitt v. New Jersey*, 439 U.S. 212, 218-19 (1978).

## Analysis

Petitioner has the right to effective assistance of counsel. Here, Petitioner has not shown that her counsel was ineffective due to the encouragement of a no contest plea. There is no evidence to suggest that counsel performed "outside the wide range of professionally competent assistance," *Strickland*, at 689, nor that there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, at 694. Therefore, neither the deficient performance prong nor the prejudice prong of the *Strickland* requirement is satisfied. As demonstrated above, there is no question of the consensual character of Petitioner's plea. It is within counsel's professional duties to encourage a plea. Habeas relief is thus barred as to Claim II.

Petitioner has failed to establish that the state court decisions were contrary to or an unreasonable application of clearly established federal law. Therefore, habeas relief is denied.

## Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings, which was amended as of December 1, 2009, requires that a district court must:

>   issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2).

Rule 11, Rules Governing Section 2255 Proceedings.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). In order for a certificate of appealability to issue, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed.2d 931 (2003) (internal quotes and citations omitted).

In denying this petition for a writ of habeas corpus, the Court determined that the Petitioner's plea was not unconstitutionally given or accepted and Petitioner was not represented by ineffective counsel. Petitioner has failed to establish that the state court decisions were contrary to or an unreasonable application of clearly established federal law. Therefore, Petitioner has not made a substantial showing of a denial of a constitutional right. The Court now finds that reasonable jurists could not debate that this Court correctly denied the petitioner's claims. Therefore, the Court will deny the petitioner a certificate of appealability.

.

## Conclusion

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED**. Additionally, **IT IS ORDERED** that the certificate of appealability is **DENIED**.

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: December 10, 2010

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on December 10, 2010, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary
